```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WOLF CONCEPT S.A.R.L.,

                            Plaintiff,
                                                                      06 Cv. 11395 (CLB)
              - against -
                                                                      *Memorandum and Order*
EBER BROS. WINE AND LIQUOR CORP.,
NATIONAL DISTRIBUTING COMPANY, INC.,
EBER-NDC LLC, LESTER EBER and
DAVID EBER,

                            Defendants.
---------------------------------------------------------------x
```

Brieant, J.

Before the Court for decision are: 1) Motion by defendants Eber Bros. Wine and Liquor Corp., Eber-NDC LLC, Lester Eber, and David Eber ("Eber Defendants") for a transfer of venue to the Western District of New York pursuant to *28 U.S.C. Sec. 1404* (Doc. 9); 2) Motions by defendant National Distributing Company, Inc., ("NDC") for Summary Judgment pursuant to Fed. R. Civ. P. 56, (Doc. 20) and sanctions pursuant to Fed. R. Civ. P. 11. (Doc. 30). Argument was heard on March 23, 2007, and decision was reserved.

The following facts are not disputed or are assumed true for purposes of these proceedings only. Plaintiff Wolf Concept is a French corporate entity having its principal place of business in Paris, France, and is "engaged in the business of manufacturing and distributing premium vodka distilled in Holland and bottled in France." Plaintiff owns the exclusive right to use the trade name *Petrossian*, in connection with the manufacture, distribution, and sale of premium vodka in the United States.

1

Defendant Eber Bros. Wine and Liquor Corp., ("Eber Bros.") is a New York Corporation located in Rochester, New York, and is a long established wholesale distributor of wines and liquors. Defendant NDC is a Georgia Corporation engaged in wholesale liquor distribution with its principal place of business in Atlanta, Georgia. Defendant Eber-NDC LLC is a Delaware limited liability corporation, with its principal place of business in New York. As its name implies, it is owned one-half by the Eber family, and one-half by NDC, as a joint venture for the purpose of distributing liquor in the New York City Metropolitan area. Lester Eber, a resident of Rochester, New York and David Eber, a resident of New York County, are officers of Eber Bros.

Plaintiff initiated this removed action by filing a Summons and Complaint in New York County Supreme Court on October 6, 2005.

Plaintiff alleges that it sought to enter into an agreement with an American liquor distributor to launch what it describes as its "ultra-premium" brand Petrossian vodka. After extensive negotiations, Plaintiff entered into a contract with Eber Bros. on August 10, 2004, whereby Eber Bros. would "the exclusive right to import, market, sell, and distribute Petrossian vodka in New York and Delaware, and to engage in efforts to establish brand recognition for Petrossian as a premium or ultra premium vodka, akin to the recognition it had earned in the caviar and luxury product market." Plaintiff alleges that Eber Bros, which had significant experience and a large presence in the targeted New York City Metropolitan area, promised to "aggressively apply, the resources, ability, know-how and resolve to diligently engage in efforts calculated to establish brand recognition and market development for the Petrossian product."

Plaintiff claims that during negotiations, Eber Bros. had misrepresented its own financial health.  Plaintiff claims that in reality, Eber Bros was suffering from aggressive competitors, and "extortionate sums" it had to pay to keep its client Hiram Walker, a manufacturer with whom it had a long-standing, exclusive distribution agreement.  Plaintiff also alleges that in order to survive, Eber Bros. formed an alliance with defendant NDC, which resulted in the formation of defendant Eber-NDC.  Plaintiff alleges that the Eber Defendants colluded with NDC, through Eber-NDC, to prevent Petrossian from entering the market and competing with NDC's vodkas.

> "Around the time of the formation of the Eber-NDC, and regularly thereafter and to date, the Ebers, on behalf of themselves and Eber Bros., engaged in a conspiracy, arrangement and agreement with Jay Davis, Chairman and CEO of NDC, and John Carlos, Vice Chairman of NDC, and others acting on behalf of themselves and NDC, as well as the joint venture partnership of Eber-NDC, to tie up and prevent the *Petrossian* product from competing with the other spirits products which they had been distributing and intended to jointly distribute in the Metropolitan New York City Market by simply obtaining the exclusive right to import, market, distribute and sell the *Petrossia*n product in the Metropolitan New York City area and then 'put it on ice', breach the Importation Agreement when made, prevent the introduction of the *Petrossian* product into the market, and thereby prevent the appearance of a new competitor with a recognizable brand name to compete with the lines Eber Bros and NDC were then distributing and planned to distribute."

In the Complaint, Plaintiff asserts the following causes of action: 1) violation of the Donnelly Act (N.Y. Gen. Bus. L. § 340) (against all defendants); 2) conspiracy to violate the Donnelly Act (against all defendants); 3) tortious interference with contract (against NDC and Eber NDC); 4) fraud (against Lester Eber, David Eber and Eber Bros.); and 5) breach of contract (against Eber Bros.).

*NDC's Motion for Summary Judgment*

Defendant NDC moves for summary judgment to dismiss all claims asserted against it in the Complaint (First, second and third claims in the Complaint).  NDC asserts that it has nothing to do with what is essentially a breach of contract claim between Plaintiff and Eber Bros. or Eber-NDC.  NDC argues and the record before this Court confirms that Plaintiff has adduced no evidence supporting the existence of the claimed conspiracy.  The Complaint against NDC appears to rest only on the following:  Plaintiff and NDC each entered into an agreement with Eber Bros. within six months of each other; Eber Bros. did not sell much of Plaintiff's product; and therefore there must have been [a] conspiracy between NDC and Eber Bros to restrain the sale of Plaintiff's product.  This is not sufficient.

NDC also argues that Plaintiff has failed to show how exclusion of Petrossian vodka would affect the market for premium vodka in New York, a necessary element of a claim under the Donnelly Act.  As to the tortious interference of contract claim, NDC argues that Plaintiff has failed to demonstrate that NDC even knew about the allegedly breached contract between Eber Bros. and Plaintiff, and certainly has not shown that NDC procured the breach of the agreement.  It is not claimed that the agreement ever became an asset of Eber-NDC.

Plaintiff argues that summary judgment would be premature and unjust, in a case where no discovery has been taken, where motive of the Defendants' is at issue, and the proof is under the Defendants' exclusive control.  This argument fails because Plaintiff had ample time to take discovery, was encouraged by this Court to do so, and failed to do so.  No basis appears to pierce

the corporate veil of Eber-NDC for Summary Judgment (Doc. 20).

The motion is granted.

*Eber Defendants Motion for Change of Venue*

The Eber Defendants move the Court to change the venue of this action pursuant to *28 U.S.C. § 1404(a)*.  All of their principal witnesses and documents are in Rochester NY, where the main offices of Eber Bros. and Eber-NDC are also located.  The individual defendant Lester Eber works and resides in Rochester, and David Eber, though a resident of Manhattan, maintains an office in Rochester and travels there frequently.

Plaintiff is located in France, and co-defendant NDC is dismissed from the case.  The action has no significant connection with the Southern District of New York.

The motion for change of venue (Doc. 9) is granted pursuant to 38 U.S.C. § 1404(a).

*NDC's Rule 11 Motion for Sanctions and Attorney's Fees*

NDC argues that this suit is really about a breach of an alleged agreement that had nothing to do with NDC.  NDC argues that it was not even aware of the Agreement, and Plaintiff has offered no evidence to support its allegations. NDC characterizes its inclusion in the Complaint as "an apparent attempt to reach a deep pocket or to inflate its damages." NDC seeks sanctions and attorney's fees under Rule 11, Fed. R. Civ. P.

5

However, in light of its half ownership of Eber NDC, which remains in the case, NDC is not a complete stranger to the litigation. While the pre-filing inquiry in this case seems to have been slim indeed, the Court as a matter of discretion concludes that the interests of Justice will not be served by imposition of sanctions, and that motion (Doc. 30) is denied.

**Conclusion**

Summary Judgment is granted dismissing the Complaint as to defendant National Distributing Company, Inc. The Court declines to make the finding contemplated by Rule 54(b) Fed. R. Civ. P. at this time. The rest of the action is transferred to the United States District Court for the Western District of New York (Rochester) pursuant to 28 U.S.C. § 1404(a). The waiting period provided by Local Civil Rule 83.1 is waived.

X

    X

        X

           X

              X

SO ORDERED.

Dated: White Plains, New York
       May 1, 2007

                                                        *Clarence Brieant*
                                                    Charles L. Brieant, U.S.D.J.